# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MANUELLE ALKEINE,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:14-cr-00328-KJD-NJK<br><br>ORDER |

　　　Presently before the Court is Defendant's Motion for Early Termination of Supervised Release (#388). Neither the probation department nor the government oppose early termination (#395).

　　　A district court enjoys "broad discretion" when, after it accounts for the statutorily required factors, it discharges a defendant's supervised release. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). The defendant, however, bears the burden of demonstrating that early termination of his supervised release is justified. See United States v. Weber, 451 F.3d 552, 559 n. 9 (9th Cir. 2006).

　　　Title 18 U.S.C. § 3583(e) states: (e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7): (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]

　　　The Court has considered the following factors under 18 U.S.C. §§ 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2)

deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.  See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Defendant was originally sentenced to twenty-seven (27) months of custody for conspiracy to commit money laundering. He commenced a thirty-six (36) month term of supervised release on January 8, 2020. He has now completed twenty-two (22) months of supervised release. Defendant has exhibited exemplary behavior while in custody and on supervised release. He owes no restitution. Therefore, having considered the statutory and advisory factors promulgated by the Judicial Conference, the Court finds the termination of supervision is warranted by conduct of Defendant and the interests of justice.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release (#388) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant's term of supervised release is **TERMINATED immediately.**

Dated this 24th day of November, 2021.

Kent J. Dawson
United States District Judge